UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

JOHN WHITTAKER,

    Plaintiff,

v.

EZ MOVING SERVICES LLC and
MICHAEL NICHOLAS,

    Defendants.

_____/

# **C O M P L A I N T**

Plaintiff, JOHN WHITTAKER, by and through the undersigned counsel, Todd W. Shulby, P.A., sues the Defendants, EZ MOVING SERVICES LLC and MICHAEL NICHOLAS, and alleges as follows:

1. Plaintiff brings this action against Defendants to recover unpaid wages, compensation and damages, and retaliation.

2. Jurisdiction is conferred on this Court by Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1343.

3. The unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4. At all times material hereto, Plaintiff has been a citizen and resident of this judicial district and within the jurisdiction of this Court.

5. At all times material hereto, EZ MOVING SERVICES LLC was an

employer as defined by the FLSA.

6. At all times material hereto, EZ MOVING SERVICES LLC was Plaintiff's employer as defined by the FLSA.

7. At all times material hereto, EZ MOVING SERVICES LLC was Plaintiff's employer.

8. At all times material hereto, EZ MOVING SERVICES LLC was an LLC in the State of Florida.

9. At all times material hereto, EZ MOVING SERVICES LLC was conducting business in this judicial district.

10. At all times material hereto, EZ MOVING SERVICES LLC's principal place of business was in Orlando, Florida.

11. At all times material hereto EZ MOVING SERVICES LLC had employees engaged in interstate commerce or in the production of goods for interstate commerce and/or had employees handling, selling, or otherwise working on goods or materials that were moved in or produced for interstate commerce by a person. 29 U.S.C. §203.

12. EZ MOVING SERVICES LLC, upon information and belief, had revenue in excess of $500,000.00 per annum.

13. EZ MOVING SERVICES LLC, upon information and belief, had anticipated revenue in excess of $500,000 per annum.

14. At all times during Plaintiff's employment, MICHAEL NICHOLAS was Plaintiff's employer as defined by law.

15. At all times during Plaintiff's employment, MICHAEL NICHOLAS was an owner of EZ MOVING SERVICES LLC.

16. At all times during Plaintiff's employment, MICHAEL NICHOLAS was an officer of EZ MOVING SERVICES LLC.

17. At all times during Plaintiff's employment, MICHAEL NICHOLAS was a manager of EZ MOVING SERVICES LLC.

18. At all times during Plaintiff's employment, MICHAEL NICHOLAS was a shareholder of EZ MOVING SERVICES LLC.

19. At all times during Plaintiff's employment, MICHAEL NICHOLAS was paid a salary by EZ MOVING SERVICES LLC.

20. At all times during Plaintiff's employment, MICHAEL NICHOLAS shared in or was entitled to a share of the profits of EZ MOVING SERVICES LLC.

21. At all times during Plaintiff's employment, MICHAEL NICHOLAS had operational control over EZ MOVING SERVICES LLC.

22. At all times during Plaintiff's employment, MICHAEL NICHOLAS was directly involved in decisions affecting employee compensation and hours worked by employees.

23. At all times during Plaintiff's employment, MICHAEL NICHOLAS controlled the finances for EZ MOVING SERVICES LLC.

24. At all times during Plaintiff's employment, MICHAEL NICHOLAS was Plaintiff's manager and/or supervisor.

25. At all times during Plaintiff's employment, MICHAEL NICHOLAS's

primary duty was to manage and/or supervise EZ MOVING SERVICES LLC.

26. At all times during Plaintiff's employment, MICHAEL NICHOLAS customarily and regularly directed the work of all employees at EZ MOVING SERVICES LLC.

27. At all times during Plaintiff's employment, MICHAEL NICHOLAS had the authority to hire or fire other employees.

28. At all times during Plaintiff's employment, MICHAEL NICHOLAS's suggestions or recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees were given particular weight.

29. While working for EZ MOVING SERVICES LLC, Plaintiff was individually engaged in interstate commerce.

30. While working for EZ MOVING SERVICES LLC, a substantial part of Plaintiff's work was to provide moving services.

## COUNT I: FLSA RECOVERY OF OVERTIME WAGES

31. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 30 above.

32. Plaintiff worked for Defendants from approximately May 28, 2022 to September 4, 2022.

33. Plaintiff worked for Defendants as a mover and his primary duties and responsibilities included moving goods and materials and other items.

34. Plaintiff was paid at a rate of $15.00 per hour.

35. Plaintiff was not paid on a salary basis.

36. Plaintiff was not paid the same amount each week.

37. Plaintiff's weekly pay was subject to reduction based on quantity of work performed.

38. Plaintiff's weekly pay was subject to reduction based on the number of hours he worked.

39. Plaintiff's weekly pay was subject to reduction if he worked less than forty (40) hours.

40. Plaintiff was entitled to time and one-half Plaintiff's regular rate of pay for hours worked over 40 hours per week.

41. Plaintiff was not paid for the full amount of time spent at the warehouse working at the beginning of the workday, the time spent driving from the warehouse to the first job, the time spent driving between jobs, the time spent driving back to the warehouse at the end of the workday, and the time spent working at the warehouse at the end of the workday.

42. During one or more workweeks, Defendants did not pay Plaintiff time and one-half Plaintiff's regular rate of pay for overtime hours worked in violation of the FLSA, 29 U.S.C. §207.

43. Defendants knew or showed reckless disregard of the unpaid and/or underpaid hours worked.

44. Defendants knew or showed reckless disregard of the above FLSA violations.

45. Plaintiff was unlawfully denied overtime wages in violation of the FLSA,

29 U.S.C. §207.

46. By reason of the intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages, including liquidated, and will continue to incur costs and attorneys' fees.

47. Plaintiff is owed an additional amount equal to the amount of unpaid overtime wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendants for all unpaid wages, liquidated damages, attorney's fees and costs and demands a trial by jury for all issues so triable.

## COUNT II: FLSA RECOVERY OF OVERTIME WAGES COLLECTIVE ACTION COUNT

48. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 30 above.

49. Plaintiff worked for Defendants from approximately May 28, 2022 to September 4, 2022.

50. Plaintiff worked for Defendants as a mover and his primary duties and responsibilities included moving goods and materials and other items.

51. Plaintiff was paid at a rate of $15.00 per hour.

52. Plaintiff was not paid on a salary basis.

53. Plaintiff was not paid the same amount each week.

54. Plaintiff's weekly pay was subject to reduction based on quantity of work performed.

6

55. Plaintiff's weekly pay was subject to reduction based on the number of hours he worked.

56. Plaintiff's weekly pay was subject to reduction if he worked less than forty (40) hours.

57. Plaintiff was entitled to time and one-half Plaintiff's regular rate of pay for hours worked over 40 hours per week.

58. Plaintiff was not paid for the full amount of time spent at the warehouse working at the beginning of the workday, the time spent driving from the warehouse to the first job, the time spent driving between jobs, the time spent driving back to the warehouse at the end of the workday, and the time spent working at the warehouse at the end of the workday.

59. During one or more workweeks, Defendants did not pay Plaintiff time and one-half Plaintiff's regular rate of pay for overtime hours worked in violation of the FLSA, 29 U.S.C. §207.

60. Defendants knew or showed reckless disregard of the unpaid and/or underpaid hours worked.

61. Defendants knew or showed reckless disregard of the above FLSA violations.

62. Other employees of Defendants, who were employed in the same or similar capacity as Plaintiff, and who performed the same or similar job duties and responsibilities as Plaintiff, also were not paid time and one half their regular rate of pay for overtime hours worked in one or more workweeks by Defendants.

63. Plaintiff, and other similarly situated employees, were unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. §207.

64. By reason of the intentional, willful and unlawful acts of Defendants, Plaintiff, and others similarly situated, has suffered damages, including liquidated, and will continue to incur costs and attorneys' fees.

65. Plaintiff, and the others similarly situated, are owed an additional amount equal to the amount of unpaid overtime wages as liquidated damages.

WHEREFORE, Plaintiff, on behalf of Plaintiff and others similarly situated, hereby demands judgment against Defendants for all unpaid wages, liquidated damages, attorney's fees and costs and demands a trial by jury for all issues so triable.

## COUNT III: FLSA RETALIATION

66. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 30 above.

67. The FLSA, 29 U.S.C. §215(a) protects from retaliation employees who file complaints alleging FLSA violations or who participate in FLSA proceedings initiated by themselves or others.

68. The FLSA prohibits any "person," including an employer, from discharging, retaliating against, demoting, harassing, or in any other manner discriminating against and employee for engaging in protected activity; that is, a worker's assertion of his or her rights.

69. Plaintiff worked for Defendants from approximately May 28, 2022 to September 4, 2022.

70. Plaintiff worked for Defendants as a mover.

71. Plaintiff's primary duties and responsibilities included moving goods and materials and other items.

72. Plaintiff was paid at a rate of $15.00.

73. Plaintiff was qualified for Plaintiff's position with Defendants.

74. Defendants took adverse action against and discriminated against Plaintiff because Plaintiff informed others and/or complained about Defendants' unlawful pay practices which were in violation of the FLSA. 29 U.S.C. §201, *et seq.*

75. Defendants terminated Plaintiff because Plaintiff informed others and/or complained about Defendants' unlawful pay practices which were in violation of the FLSA. 29 U.S.C. §201, *et seq.*

76. By reason of the intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages, and seeks to be compensated and reimbursed from Defendants for all damages sustained, including payment of wages lost, employment, reinstatement, promotion, emotional pain and suffering, mental anguish, damage to reputation and other compensatory damages, liquidated damages, and punitive damages, in addition to all costs and attorneys' fees incurred.

WHEREFORE, Plaintiff hereby demands judgment against Defendants for damages, including liquidated damages and punitive damages, and attorney's fees and costs and demands a trial by jury for all issues so triable.

## **TRIAL BY JURY**

Plaintiff demands a trial by jury on all issues so triable.

## NOTICE OF CONSENT TO JOIN

I, JOHN WHITTAKER, hereby consents, pursuant to 29 U.S.C. §216(b), to become a party Plaintiff in this action and to be represented by Todd W. Shulby, P.A., pursuant to the terms of the Attorney/ Client Agreement and Notice of Attorney's Fees and Costs Lien and Limitation of Client's Right to Settle. I further declare that the foregoing allegations are true and correct to the best of my knowledge and belief.

_____
JOHN WHITTAKER, as Plaintiff

9/22/2022
DATE


Respectfully submitted,

TODD W. SHULBY, P.A.
1792 Bell Tower Lane
Weston, Florida 33326
Telephone No.: (954) 530-2236
Facsimile No.: (954) 530-6628
E-mail: tshulby@shulbylaw.com
Counsel for Plaintiff

By:   /s/ Todd W. Shulby, Esq.
      Todd W. Shulby, Esq.
      Florida Bar No.: 068365